FILED'07 FEB 22 16:00USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

DEAN P. HARRIS,

        Plaintiff,

    v.

LT. SPRIET, et al.,

        Defendants.

Civil No. 06-894-BR

OPINION AND ORDER

**DEAN HARRIS**
SID #14836157
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR  97914

       Plaintiff *Pro Se*

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

       Attorneys for Defendants

1 - OPINION AND ORDER -

**BROWN, Judge.**

Plaintiff, an inmate at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Defendants' Un-enumerated 12(B) Motion to Dismiss -- Failure to Exhaust (#13).[1] For the reasons that follow, Defendants' Motion is GRANTED, and this action is DISMISSED.

### BACKGROUND

On September 11, 2006, Plaintiff filed his civil rights Complaint in this court. Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights by transporting Plaintiff from SRCI to Salem in a bus, even though Plaintiff was wheelchair-bound due to a prior back injury. Plaintiff alleges Defendants should have provided alternate transportation, and that the long bus ride exacerbated Plaintiff's back condition.

Defendants argue Plaintiff failed to exhaust his administrative remedies through the prison grievance system. In response, Plaintiff refers to a grievance and tort claim denial, as well as an inmate communication regarding the transport issue. Defendants provide a copy of the referenced grievance in their Reply, and note that it pertains to medical care received well

---

[1]The Court notified Plaintiff of the requirements for opposing a motion to dismiss brought pursuant to un-enumerated Rule 12(b) by Order (#16) issued December 11, 2006.

before the bus transport.  Moreover, Defendants argue, the Inmate
Communication Form provided by Plaintiff does not establish he
exhausted the prison grievance process.

## DISCUSSION

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be
brought with respect to prison conditions under section 1983 of
this title, or any other Federal law, by a prisoner confined in
any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."  The
exhaustion requirement "applies to all inmate suits about prison
life, whether they involve general circumstances or particular
episodes, and whether they allege excessive force or some other
wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Inmates must exhaust all grievance remedies prior to filing
a § 1983 action, including appealing the grievance decision to its
highest level within the grievance system.  *Wyatt v. Terhune*, 315
F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003).  A
prisoner cannot satisfy the exhaustion requirement by filing an
untimely or otherwise procedurally defective grievance or appeal.
*Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006).

Failure to exhaust remedies under § 1997e(a) is an
affirmative defense; Defendants have the burden of raising and
proving the absence of exhaustion.  *Jones v. Bock*, 127 S.Ct. 910,

3 - OPINION AND ORDER -

921 (2007); *Wyatt*, 315 F.3d at 1117-1119.  If the court concludes

an inmate has not exhausted administrative remedies on any claim,

"the proper remedy is dismissal of the claim without prejudice."

*Wyatt*, 315 F.3d at 1120.

In Oregon, inmates may file grievances as to the conditions

of their confinement, improper treatment by staff, lack of medical

treatment, and oversight or error affecting the inmate.  *See* Or.

Admin. R. 291-109-0140(2).  A grievance must be filed within 30

days of the incident giving rise to the grievance.  *See* Or. Admin.

R. 291-109-0140(3)(b).  If the grievance is denied, the inmate may

appeal the decision through the grievance process.  *See* Or. Admin.

R. 291-109-0140(4).  Upon arrival at an institution, Admission and

Orientation classes inform inmates of the grievance process, which

is also described in a handbook provided to all new inmates.

Plaintiff did not file any inmate grievance following the

allegedly unconstitutional bus transport.  Accordingly, Plaintiff

failed to exhaust his administrative remedies, and Plaintiff's

Complaint must be dismissed.

4 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court GRANTS Defendants' Un-enumerated 12(B) Motion to Dismiss -- Failure to Exhaust (#13), and DISMISSES this action without prejudice.

IT IS SO ORDERED.

DATED this _____day of February, 2007.

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER -